UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIARA AMAYA HANSON,

                    Petitioner,

                    -against-

WILLIAM JOYCE, in his official capacity as
Acting New York Field Office Director for
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official
capacity as Secretary, U.S. Department of
Homeland Security; TODD LYONS, in his
official capacity as Director, U.S. Immigration
and Customs Enforcement; U.S.
DEPARTMENT OF HOMELAND
SECURITY; and U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                    Respondents.

Case No. 1:26-cv-03326 (JLR)

**<u>ORDER FOR APPEARANCE OF
PRO BONO COUNSEL</u>**

JENNIFER L. ROCHON, United States District Judge:

On April 22, 2026, Petitioner Kiara Amaya Hanson filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, through next friend Krystal Rene Guthrie, while Petitioner was present in the Southern District of New York. Dkt. 1. On April 23, 2026, this Court ordered Respondents to answer the petition and address, among other things, the basis for Petitioner's detention; the Court also set down a briefing and hearing schedule. Dkt. 3. On April 24, 2026, Respondents filed their answer. Dkt. 6.

**DISCUSSION**

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the

party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. In particular, Petitioner's abilities to present her case and conduct any related fact investigation are significantly limited due to her incarceration and the emergency nature of her petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on her own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, she should inform the Court as soon as possible, and no later than **May 4, 2026**.

2

**The Court shall temporarily suspend the parties' briefing schedule and the hearing set for May 6, 2026, pending the attempt to locate counsel for Petitioner or Petitioner's advising the Court that such attempt is unnecessary.**

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

**CONCLUSION**

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Petitioner or her next friend Ms. Guthrie at the address listed on the docket sheet for this action.  Ms. Guthrie may receive court documents by email by completing the form, Consent to Electronic Service.[1]

Dated:  April 27, 2026
        New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge

---

[1] For more information about consenting to electronic service, please review the court's Instructions.  If Ms. Guthrie consents to receive documents by email, she will no longer receive court documents by regular mail.